Matter of City of New York v Contract Dispute Resolution Bd. of the City of N.Y. (2022 NY Slip Op 00967)





Matter of City of New York v Contract Dispute Resolution Bd. of the City of N.Y.


2022 NY Slip Op 00967


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 452903/17 Appeal No. 15310 Case No. 2020-03525 

[*1]In the Matter of City of New York et al., Petitioners-Appellants,
v
Contract Dispute Resolution Board of the City of New York et al., Respondents-Respondents.


Georgia M. Pestana, Corporation Counsel, New York (Philip W. Young of counsel), for appellants.
Frank Ng, New York, for Contract Dispute Resolution Board of the City of New York, respondent.
Glaser & Weiner, P.C., Melville (Todd V. Lamb of counsel), for New York Health Care, Inc., respondent.



Judgment (denominated an order), Supreme Court, New York County (Nancy M. Bannon, J.), entered July 24, 2020, denying the petition seeking, among other things, to annul the determination of respondent Contract Dispute Resolution Board (CDRB), dated June 26, 2017, which found that petitioner Human Resources Administration (HRA) is not authorized to annually recoup unused funds paid to respondent New York Health Care, Inc. (NYHC) pursuant to the Health Care Reform Act (HCRA) (Public Health Law § 2807-v), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the proceeding reinstated and the petition granted.
The court dismissed the petition based on this Court's decision in Matter of People Care Inc. v City of N.Y. Human Resources Admin., in which we found that HRA had no authority under the HCRA or a contract with a service provider to audit or recoup HCRA funds, a decision which has been reversed on appeal (175 AD3d 134 [1st Dept 2019], revd 36 NY3d 1088 [2021], on remand 194 AD3d 624 [1st Dept 2021]). The Court of Appeals adopted the reasoning of the dissenting opinion and concluded that "the funds for personal care services paid to petitioner . . . under the [HCRA] . . . are Medicaid funds subject to the audit and recoupment authority of . . . [HRA] in accordance with the parties' 2001 contract" (36 NY3d at 1090 [internal citation omitted]; accord Matter of New York Health Care, Inc. v City of N.Y. Human Resources Admin.,  AD3d , 2022 NY Slip Op 00132 [1st Dept 2022]). As the court noted in this proceeding, the contract between HRA and NYHC is nearly identical to the one in Matter of People Care.
In light of the decision by the Court of Appeals in Matter of People Care, CDRB's determination  that the HCRA only allows recoupment of funds spent on something other than recruitment or retention, and that the HCRA places no time limitation on the use of funds provided  was affected by an error of law (CPLR 7803[3]). The dissenting opinion in Matter of People Care found that "HCRA funds are merely a subset of the contractual Medicaid funds," and deferred to the interpretation of the New York State Department of Health (DOH) that HCRA funds are "subject to annual auditing and recoupment by [HRA]," since they are "subject to the same rules and procedures applicable to all other Medicaid funds, including the authority of HRA . . . to audit and recoup excess HCRA funds paid to providers" (175 AD3d at 150, 152 [Richter, J., dissenting] [internal quotation marks omitted]). DOH's Medicaid Chief Financial Officer, John Ulberg, proffered the same interpretation in this proceeding as he did in Matter of People Care, thus we defer to DOH's rational construction of the HCRA (see id. at 151-152). Indeed, the annual auditing and recoupment of Medicaid funds left unspent during each fiscal year is in accordance with the parties' 2001 contract (Matter of People Care, 36 NY3d at 1090). 
THIS [*2]CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022